141518, Angel Edgardo Rodriguez-Miranda v. Malik Benin et al. in Aquaneta, M. Benin. Mr. Zyko, good morning. Good morning, Your Honor. May it please the Court, for the record, I am Eddie Z. Zyko, the appellate counsel for the appellants in this particular matter. Down here in sunny Puerto Rico from New England, and I'm glad to be here in light of the weather up there. But the other two judges know that. This case reminds me of Carl Llewellyn's Bramble Bush. There's a whole bunch of ends in this, strands in this case. We have six issues that we have identified as issues that should be, that have been brought to you for you to review. I'm going to just discuss two of them. Oh, Your Honor, before I go any further, may I have, may I reserve five minutes? Yes, you may. Thank you, Your Honor. I'm only going to address the first two issues. The first issue is whether a district court may find a litigant in summary contempt without notice or statement of the facts underlying the contempt for failure to attend a hearing. And the second one, which is related to the first, is whether a district court may sui sponte, treat a motion that seeks to adjudicate a non-party in contempt for failure to pay a judgment as a motion to substitute parties under Federal Rule of Civil Procedure 25E. The remaining four issues of the six are derivative of the second issue. And respectfully, if you, which I believe you should, find that the first issue and the second issue or the first issue or the second issue are dispositive. You don't even need to reach the remaining four issues. Now, turning to issue one. Counsel, can I ask you, I mean, aren't the other, you say the other four issues, aren't they very separable from the contempt issue? I mean, the contempt issue is an important one for sure, but the other issues, which led to the conclusion that your clients could be liable for this judgment, I mean, those are independent of the contempt issue, are they not? Your Honor, the remaining five are independent of the contempt issue, certainly. I mean, we could agree with you on the contempt issues but disagree with you on all the other issues. That's a plausible outcome, isn't it? Your Honor, I've been doing this 40 years. A lot of judges disagree with me for a variety of reasons. But the direct answer is yes, Your Honor. But as, well, let me, if I might, go back to the first issue. And there is precedence in this court, in this circuit, rather, which is directly on point, and it's well settled as a result of the in red Lamson case, which is cited in my brief, that at page 553 of that particular decision, Lamson holds that this kind of conduct is not within the actual presence of the court. Very colorful decision by the court. But the bottom line is they distinguish between actual presence in the court and absence. And if you want to consider absence a conduct, that's fine, but it is distinguishable from the actual presence here. It is not denied that there was no presence in front of the court. So for those reasons, for that reason, the contempt should be reversed respectfully. But didn't the injured clients receive specific notice that if they failed to appear, they could be found in contempt? I mean, the notice that they got said that explicitly, did it not? Your Honor, even if they had such notice, and they did, according to the record. Well, I understand that. But if you look at the Lamson case, the Lamson case actually allows for that, because the Lamson case was about a lawyer who was 12 minutes late to a court proceeding. That lawyer had notice of the court proceeding, presumably. And yet the district judge held that lawyer in contempt, and the First Circuit reversed it. So I don't think, respectfully, I don't believe that that is a specific issue. I respectfully argue that the Lamson case is really nothing more than black literal law that we all learned our first year of law school about needing to be in court. And once you're in a judge's courtroom, he's king, quote, unquote, and he has power to summarily punish you. But if you're not within his or her presence, that is not the case. So I would rely upon that and respectfully request that you do also. The great irony was that even though the contempt was not committed in the presence of the court, an arrest warrant was subsequently issued at the request of the plaintiff's attorney, and there was a fine, and one of my clients did pay, ultimately paid a fine. And the record does not indicate why the plaintiff's counsel made the motion for an arrest warrant, given that the fine was to be paid to the court. Plaintiff's counsel would not even know if the fine had been paid unless contacted by the court staff. But if I can turn to the second issue that I'd like to address with you and leave the remainder of the points in my brief, holding the appellants liable under Federal Rule Civil Procedure 25E, C rather, is error. First off, the application to the court was entitled, Motion Asking this Court to Order Defendants and Respondents to Pay the Judgment, in this case, on Penalty of Contempt. Nothing was said about Federal Rule Civil Procedure 25E. Well, the theory was that there was an asset belonging to the corporation that could have been used to satisfy the plaintiff's judgment. Well, I understand that. That was transferred to avoid the creditor. I understand that, Your Honor, but for this particular issue, that's not relevant. What is relevant is that this particular rule cannot be used to substitute a party or to bring a party in and make that party liable for a judgment which has previously been rendered. So I agree it is a complicated issue, and that's part of the reason we briefed all those specific strands, okay, that issue from this particular. And the point is that this was done sua sponte, okay, by the district court. And what was required was that a motion or some kind of show court's order, or a motion was necessary, and it's more promptly laid out in my brief. So it's clear that the motion did not rely upon Federal Rule of Civil Procedure 25C, that the judge took it as an opportunity to use it for a vehicle to get my clients in and to make them liable to pay part of the debt. The issue of the interest, which is laid out in my brief, is an interest, and it's an interest that somebody has in a particular matter, whether it's corporate assets or whatnot, but that's what the rule specifically pertains to. And it doesn't say anything at all about the substitution of a party. As a matter of fact, this circuit clearly, it's in my brief, this circuit clearly has said in a little bit different context, but essentially within the ambit of what I'm arguing, that this rule cannot be used for that purpose, that somebody, if they need to collect the judgment, they need to, against a non-party, or that they need to then go out and file a separate lawsuit against that non-party. And that wasn't done. Counsel, don't you overstate the law when you say that Rule 25C cannot be used in the way it was used here? I thought, in fact, there were precedents that supported the proposition that if a successor party was being used as a way of defeating an attempt to collect on a judgment, and the district court concluded that that's exactly what happened here, that those successor parties could be found liable for the judgment in exactly the way the district court did here. I mean, there are precedents. Your Honor, I'm looking in my brief for the precedents in this circuit that says that that's not the case. Okay. If you give me a minute. That's okay. We have the briefs. That's fine. But it's clearly in the brief. Time is up. Thank you, Your Honor. Ms. Becker, good afternoon. Yes, good afternoon, Your Honors. Jane Becker Whitaker, representation of Appellee Angel Rodriguez-Miranda. Your Honor, with respect to your honors, with respect to the points made by counsel for appellants, the discussion of the In re Lamson case, that case was where several attorneys in a complicated criminal case went for a back here. Three of them didn't get back on time. He fined them $10 a minute for being late. And the First Circuit said that technically you couldn't have committed the contempt in the presence of the court when you were late. In that case, one of the attorneys, not the one who was convicted or found liable for the civil contempt, gave the excuse that the elevator was slow. In this case, as Judge Libous pointed out correctly, when the parties were notified of this motion, asking them to be held liable for the judgment in this case, they were all notified that if they did not appear, they would be found in contempt. Then Mr. Benin filed a motion the day before the hearing saying, I can't be there because I don't have the money to be there. We responded saying, I don't have the money to hire counsel and I don't have the money to get there. We responded saying that as recently as two days in the same week, he had hired counsel to be in front of the bankruptcy court. So the question is, what is a district court to do if somebody has been summoned to appear before them and they refuse to appear? Of course it's not the contempt. The contempt is the absence. So to say that you can never commit contempt by being absent I think is incorrect. The question is not whether they can never commit contempt under those circumstances. The question is whether it's civil or criminal contempt, which require different procedures. And I'm still wondering which one this is and what procedures should have been followed, if not the appropriate one. Well, Your Honor, the court describes it as civil contempt. Obviously that's not conclusive. However, what's needed is notice. There was notice. And what's needed is an opportunity to be heard, which Mr. Benin was afforded. I think Mr. Benin is just regretful that the court didn't accept his excuse. But that doesn't give him so. What was the purpose of the contempt sanction, $5,000? I mean, it sounds like it was to punish him for not showing up, and that sounds like criminal contempt, doesn't it? I mean, civil contempt usually involves the purposes to coerce compliance. That doesn't sound. To repair damage to the parties. For example, if the amount was to pay for the fact that lawyers had to show up or parties had to travel, that would be typical civil contempt. But as Judge Lipes has pointed out, this sounds like a criminal penalty. Right, but in the Angia Dynamics case, where the judgment was for $32 million, the contempt for the subsequent merger of the corporations ended up being infinitely more than $100 million than the original judgment. And you weren't looking at there wasn't a correlation between this is the amount of money that is needed to fix the harm. There was a correlation between money and behavior. There was a fine imposed, a daily fine imposed until the merger was unwound. So there was a correlation between the money and trying to coerce the defendant to comply with the court's order. That's true, but I know there's not such a strict dichotomy between the civil and the criminal contempt sanctions in that the... What was the court trying to coerce in this case? Or was it simply that the court was vindicating its authority to order the defendant to be present, to demand that the defendant's present? It's my understanding that it was the latter, Your Honor, and that that is a perfectly correct exercise of the court's authority because without that ability, the court, if I were to say something, if I were to curse or say something truly insulting to any of the court or to any of the judges here today, you would, of course, have the authority to sanction me for doing it. Because you did it in our presence. Right. If you didn't do it in our presence, the courts would have the authority to vindicate the situation, but it would require notice in a hearing. Well, how can you give a hearing with all due respect, Your Honor, to somebody who won't come to the hearing? I mean, he was given notice, come to the hearing. Counsel, there are all kinds of... sanctions, not sanctions, but remedies favoring the moving party can be imposed. So there are a lot of consequences for somebody who doesn't show up. And it strikes me, from your point of view, you wouldn't be all that upset if we undid the contempt ruling, but you got the other relief, which enhanced the likelihood that you collect on your judgment. That's really what this case is about. The contempt thing seems to introduce a really extraneous element here, and it's consuming all our time. It doesn't really seem to be what this case is all about. Why do you care whether the contempt ruling is vindicated? If you succeed on the claims that enhance the likelihood that your client will be able to collect on this $300,000-plus judgment, that's what you're really here for, isn't it? That's one of the reasons I'm here. Your client doesn't even get the $5,000. I understand that, Your Honor. And I don't want to be Suzy or Golier than now, but I do think that it's important that judges' orders be complied with. And I don't understand how else you get compliance unless, I mean, it would be even worse if the civil court were to have someone arrested for failure to appear in the courtroom. I think that a fine for failure to appear is not so shocking to the public that it's horrific. In terms of, yes, what we want is the ability to, with these particularly slippery defendants who have done all of these things that are the litany of offenses that they committed during the trial, to be entitled to collect his judgment. Of course that's the primary reason we're here. And with respect to Brother Counsel's argument regarding Rule 25C and that there was no notice and there was no way that his clients could have known that they were responding to such a substitution of parties, the motion asking that they be held liable for the judgment is even broader than what Rule 25C provides. So they certainly had noticed that because of what happened during the bankruptcy proceedings where there were numerous admissions on the part of his personal expenses, his wife's personal expenses, his mother's personal expenses, the idea that they backdated a copyright transfer, which they admitted doing and admitted altering a notarized document and then submitting it to the United States Copyright Office, that to such an extent that the judge in the bankruptcy court was concerned whether there were actually criminal violations committed and admitted to in his courtroom. So what we're saying is the motion put them on notice that we're asking that you be held liable for this entire judgment, not just for the fraudulent conveyance of the copyright asset, but because you commingled everything and you acted like everything was yours, mine, and ours, that you, us, and we, if those are the right pronouns, are liable and should have to pay for the judgment. So even given those admissions in bankruptcy court and the court's finding in the bankruptcy court, I mean, the question is can you do it through a 25 proceeding, Rule 25 proceeding or is it necessary to file a separate lawsuit seeking to adjudicate their liability via an allegation that the corporate veil needs to be pierced because of the commingling? It's odd that there wasn't, there's not a requirement that there be a separate lawsuit which adjudicates their personal liability. Well, in terms of the 25C contention, it's just that there was the fraudulent transfer and that that asset should be restored to Hokey Co. Inc. You're looking way beyond just the asset. I can get to the asset, but it's the personal liability piece. Exactly. And that our contention is that irrespective of the collateral estoppel or restudicata effect that the district court gave to the decision in the of what happened there indicated in the opinion that the court had reviewed that transcript and had reached the conclusion that the corporate veil had been pierced and that these parties were acting as alter egos throughout the proceedings. What we asked for in the hearing was the opportunity to demonstrate that for the record. We asked the court to be allowed to present evidence of that. We gave them actual notice of our desire to have them held liable in that respect, and they decided not to appear. It's related to the issue of the contempt of what do you do with a party who's given every opportunity to respond to accusations against them but then doesn't respond. And there have already been adjudications as to their conduct in a court that had jurisdiction. Counsel, I suggested to opposing counsel that I thought there are precedents supporting the use of Rule 25C in this way, which has to do with the interest of successor parties. But he makes the point that these parties had been strangers to these proceedings before the use of Rule 25C in this way. Are there precedents supporting the use of the rule in the way that was done here by the court? The parties had been strangers to the proceedings in the sense that Mr. Rodriguez-Miranda sued his former employer and asked that he be paid a debt and salary. He won that case. But that was the corporation. Right. That was the corporation. He then admitted in the bankruptcy court, Mr. Vaneen, that he transitioned all of the assets of Coquico Inc. to 18 Degrees North, LLC, except for the debt that he owed to Mr. Rodriguez-Miranda. He also admitted that what they did was they took a document and said that it was notarized in 2006, saying that all of the copyrights had been transferred to his mother, Aquanetta Vaneen, in 2006. Then in 2007, he swore repeatedly before the district court and even before this court in the appeal that he won. And then during the hearing, the damages hearing. I think we understand all that. I think Judge Thompson's question is that all sounds very troubling, but all of that could come out in a separate proceeding in which the defendants are these other parties who have now been brought in through Rule 25C. Is this rule an appropriate vehicle for doing what the district court did here? I think that's the question that may be troubling us. Are there precedents using the rule in the way it was used here? You're saying that 25C is the equivalency of a fresh complaint filed and summons with the defense having the right to file an answer. You're saying that this is like a proxy for a lawsuit. Our question is, is 25C really that broad? I'm not saying that it's a proxy for a lawsuit. What I'm saying is that the purpose and how it's been used in the cases that are cited in my brief are to find successor corporations liable for the conduct of a prior corporation. In this instance, where there are individuals who are engaging in such conduct, and where there have been determinations that they paid no attention, none of the parties paid any attention to the corporate form, that 25C can be used in that respect. Thank you. Thank you, Your Honor. Just very briefly, Your Honor. Can you tell me about the concept of indirect contempt? Your Honor, my ears. Indirect contempt. Why don't we have that situation here? Why isn't indirect contempt being established validly? Well, they cannot be in contempt because it was done improperly. And if it was done improperly, it is void of an issue, and that's the reason that we're here. Well, in the United Mine Workers case, where the parties had received notice, where the order set out clear actions that had to be taken, and they failed to comply, they held that to be a valid finding of contempt. And it seems to me that that's very similar to what we have here. Well, Your Honor, if I can, and I was going to address following up on Sister Counsel's point, it's clear from Dobbs' Handbook of Law of Remedies, the federal court may not enforce a money judgment, which we had here, by contempt or methods other than a written of execution, except in cases where established principles so warrant. Now, we point out in the brief that there are the Puerto Rico Rules of Civil Procedure, Rule 51, which mirrors Federal Rule of Civil Procedure 69A, provides process to enforce a judgment or order for the payment of money and to collect costs awarded by the court shall be by writ of execution. And that's been my understanding since I graduated from law school. If you win your lawsuit, you've got to go out and collect it. And the proper way to collect it is through some version of this, depending upon what state you're in. And this is what they should have done. But you're challenging the finding of liability, not writ of execution. If we find that the finding of liability is correct, then they will follow up and get a writ of execution. So it seems to me you're arguing apples and oranges. And the contempt was separate from the court's finding of liability based upon what happened in the bankruptcy court. Well, what happened in bankruptcy court, Your Honor, was a very limited finding that the filing in bankruptcy court was not for a proper purpose. It was the corporation, the LLC, was the one that attempted to file bankruptcy. But as we point out in our brief, the only thing that an LLC or corporation can accomplish for itself is not a discharge, a Chapter 7 discharge, but rather that the corporation be, I forgot the right word, dissolved. And so that's the reason that the bankruptcy judge up in Pennsylvania, Eastern District of Pennsylvania, put it out of court. But did the court make findings of that? That was the findings. That was the ultimate finding. Were there subsidiary findings? I was not the counsel at that particular matter, but my understanding that that was the entire finding, is that the corporation had no business having filed the petition because of that reason. And it was out of court and nothing further. There's only one witness, as I understand from the history. Well, no, there were a lot of subsidiary findings about the way in which your clients had behaved. I mean, yes, there was an ultimate conclusion, but it was supported by a lot of subsidiary findings. And the district court referred to those in its decision here. Isn't that so? As I point out, the way the district court handled that matter, it gave improper deference. And those are some of the other issues which are clearly laid out in my brief. So unless you have any other questions, I'll rush to the airport and get on an airplane. Thank you. Thank you.